IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
MAR 22 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| KINGSLEY ARIEGWE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-23-GF-DLC<br><br>ORDER |

On March 18, 2016, Petitioner Kingsley Ariegwe filed a "Motion to Request the Reopening of Section 2254 Under Rule 60(b) Pursuant to the *Gonzalez* Exception." (Doc. 1). A new habeas action was opened. Although in the caption of this document Mr. Ariegwe used the case number from this most recent habeas petition (CV-15-00096-GF-DLC-JTJ), the text of the document reveals that the challenge Ariegwe attempts to advance is actually against the denial of his original 2008 habeas petition, CV-08-79-GF-SHE-RKS.[1] (Doc. 1 at 4-7; 13-14).

**Motion to Proceed In Forma Pauperis**

Ariegwe has also filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. 2). Because Mr. Ariegwe has sufficiently shown he cannot afford to pay all

---

[1] The habeas petition at hand is the eighth one that Ariegwe has filed in this Court. *See* CV-15-96-GF-DLC, Or. at 1-2 (April 21, 2009) (summarizing Ariegwe's habeas filing history).

1

costs that may be associated with this action, the motion to proceed in forma pauperis will be granted.

**Motion to Appoint Counsel**

Additionally, Ariegwe has filed and a Motion to Appoint Counsel (Doc. 3). Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This case is not so complex that Ariegwe's right to due process will be violated if counsel is not appointed and the Court declines to exercise its discretion to appoint counsel.

**Ariegwe's Claims**

In the instant petition, Ariegwe seems to argue that his because his original petition was not decided on the merits, the Court was precluded from determining and fairly deciding his Due Process claim. (Doc. 1 at 6-14). Ariegwe also argues that his Equal Protection claim was "precluded from a merits determination." *Id.* at 7; 10-11. Finally, Ariegwe asserts a claim of actual innocence. *Id.* at 11-14. Ariegwe summarizes his claims as follows: in the original habeas petition valid

2

arguments were presented, had the Court reached the merits of his claims his "Constitutional rights would have been protected and the outcome would have been different." *Id.* at 13-14.

The problem with Ariegwe's entire argument is that his original habeas petition actually was decided on its merits. *See e.g.* CV-08-79-GF-SEH-RKS, Find. and Rec. (Feb. 5, 2009). The Magistrate Judge analyzed each of Ariegwe's five claims and recommended that the petition be denied on the merits. *Id.* at 12. Ariegwe lodged objections and challenged the Magistrate Judge's findings. CV-08-79-GF-SEH-RKS, Obj. (March 10, 2009). Ariegwe asserted violations of due process and equal protection and argued that the Magistrate Judge erred in not finding corresponding violations. *Id.* at 2-9. Ariegwe also argued that he was innocent of the crimes for which he had been convicted. *Id.* at 9-10. Ultimately, the District Court adopted the Findings and Recommendations in full. CV-08-79-GF-SEH-RKS, Or. (April 21, 2009).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Jones v. Ryan,* 733 F.3d 825, 833 (9th Cir.2013) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). Ariegwe is correct that a proper Rule 60(b) motion can include one in which the movant "asserts that a previous ruling which precluded a merits determination was

in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532. As set forth above, however, there was no merits preclusion in Ariegwe's original habeas case. Thus, it is not a Rule 60(b) motion that Ariegwe advances presently, but rather he attempts yet again to file a successive habeas claim. A motion, such as Ariegwe's present one, that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions. *Id.* at 532 n. 5.

As Ariegwe has been previously instructed, he may file another petition only if and when he obtains leave to do so from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b). He must present his allegations as well as the underlying claims for relief to the Court of Appeals. This Court does not have jurisdiction to hear either his claims against the judgment or his argument as to why he should be able to proceed with a new petition. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).

Ariegwe does not make any showing that he was deprived of a constitutional right. In addition, the Court plainly lacks jurisdiction under *Burton*. A certificate of appealability is not warranted. 28 U.S.C. § 2252(c)(2).

Based on the foregoing, the Court enters the following:

## ORDER

1. Ariegwe's Petition (Doc. 1) is DISMISSED for lack of jurisdiction as an unauthorized second or successive petition under 28 U.S.C. § 2254.

2. Ariegwe's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is GRANTED.

3. Ariegwe's Motion to Appoint Counsel (Doc. 3) is DENIED.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this 22nd day of March, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court